UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| MACDONALD MILLER FACILITY SOLUTIONS, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>BERKLEY ASSURANCE COMPANY, an Iowa corporation; LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Wisconsin corporation,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR RELIEF AND DAMAGES<br><br>JURY DEMAND |

Plaintiff MacDonald Miller Facility Solutions, Inc. ("MMFS") alleges as follows:

## I.   INTRODUCTION

1. **Summary of Action**. This is an action for declaratory judgment, breach of contract, negligence, common law bad faith, violation of the Washington Administrative Code ("WAC"), and violation of Washington's Consumer Protection Act ("WCPA"), seeking:

…
…

(a) A declaration of the rights and duties of MMFS and Berkley Assurance Company ("Berkley") under a Contractor's Protective, Professional, Pollution, Cyber, Media and Mitigation Insurance Policy sold to MMFS by Berkley;

(b) A declaration of the rights and duties of MMFS and Liberty Mutual Fire Insurance Company ("Liberty") under a Commercial General Liability Insurance Policy sold to MMFS by Berkley;

(c) Damages for breach of Berkley's contractual duties under the Berkley Policy and common law extra-contractual duties;

(d) Damages for Berkley's negligent claims handling;

(e) Actual and compensatory damages against Berkley, including multiplied damages and attorney fees, for Berkley's violations of the WAC and the WCPA; and

(f) All attorney fees and costs incurred by MMFS in asserting this coverage claim and prosecuting this action, pursuant to the rule in *Olympic Steamship Co., Inc. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and its progeny.

## II.   THE PARTIES

2. **Plaintiff MMFS.** MMFS is a design-build mechanical contractor organized under the laws of the State of Washington, with its principal place of business in Seattle, Washington.

3. **Defendant Berkley.** Berkley is a corporation organized under the laws of the State of Iowa, with its principal place of business in Scottsdale, Arizona.

4. **Defendant Liberty.** Liberty is a corporation organized under the laws of the State of Wisconsin, with its principal place of business in Boston, Massachusetts.

### III. JURISDICTION AND VENUE

5. **Jurisdiction.** This Court has jurisdiction over this action under 28 USC § 1332(a) because there is complete diversity of citizenship of the parties and more than $75,000 (exclusive of interests and costs) is in controversy. It also has jurisdiction pursuant to 28 U.S.C. § 2201 in that there is an actual and justiciable controversy as to the rights and obligations of the parties named in this matter. Jurisdiction is also proper under RCW 48.18.200.

6. **Venue.** Venue in this Court is proper under 28 U.S.C. § 1391. It is also proper under RCW 48.05.220 and 48.15.150 and under *Nat'l Frozen Foods Corp. v. Berkley Assurance Co.*, 2017 WL 3781706 (W.D. Wash. Aug, 31, 2017).

### IV. STATEMENT OF FACTS

**A.   The Berkley Policy**

7. MMFS paid a premium to Berkley and in exchange Berkley sold to MMFS Policy No. PCADB-5001463-1216 ("Berkley Policy"). The Berkley Policy period is December 31, 2016 to December 31, 2017. A copy of the Berkley Policy is attached as **Exhibit A**, and incorporated herein by reference.

8. The Berkley Policy, along with all endorsements and attachments, was sold to MMFS, which was, at all relevant times, located and conducting business in the State of Washington, through a Washington based insurance broker. The Berkley Policy was delivered and issued for delivery in Washington, all premiums are paid from Washington, and all claims are adjusted with MMFS's Seattle office.

9. The Berkley Policy purports to contain both a New York "Jurisdiction and Venue" clause and a New York "Choice of Law" clause. Both clauses, however, are void *ab initio*, meaning they are not—and never were—part of the Berkley Policy. *See* RCW 48.18.200;

*Nat'l Frozen Foods Corp. v. Berkley Assurance Co*., 2017 WL 3781706 (W.D. Wash. Aug, 31, 2017) ("RCW 48.18.200 renders the forum selection clause of the Policy in this case void *ab initio*.  It was never part of the insurance contract."); *Providence Health & Servs. v. Certain Underwriters at Lloyd's London*, 358 F. Supp. 3d 1195, 1199 (W.D. Wash. 2019) (New York choice of law provision void under RCW § 48.18.200).

10.     The Berkley Policy obligates Berkley to "defend [MMFS] against any Professional Claim … and pay on [MMFS's] behalf all Damages and Claim Expense for that Professional Claim in excess of any applicable Self-Insured Retention, provided that:  (1) the Professional Claim arises out of an actual or alleged negligent act, error or omission in the rendering of or failure to render Professional Services by [MMFS], or by a Responsible Entity for whom [MMFS is] legally responsible, on or after the Retroactive Date and before the end of the Policy Period; and (2) the Professional Claim is first made against you during the Policy Period or Optional Extended Reporting Period."

**B.     The Liberty Policy**

11.     MMFS paid a premium to Liberty and in exchange Liberty sold to MMFS Commercial General Liability Policy No. TB2-Z61-066178-036 ("Liberty Policy").  The Liberty Policy period is December 31, 2016 to December 31, 2017.  A copy of the Liberty Policy is attached as **Exhibit B**, and incorporated herein by reference.

12.     The Liberty Policy, along with all endorsements and attachments, was sold to MMFS, which was, at all relevant times, located and conducting business in the State of Washington.  The Liberty Policy was also delivered and issued for delivery in Washington.

13. The Liberty Policy obligates Liberty to "pay those sums that [MMFS] becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." It also obligates Liberty to "defend any 'suit' seeking those damages."

**C.     MMFS Is Sued, Triggering the Defense Obligations of Both Berkley and Liberty**

14. On October 9, 2017, MMFS was named as a third-party defendant in a lawsuit styled *Sixth & Lenora v. Aquatherm, et al.*, King County Superior Court Cause No. 17-2-20015-8 SEA ("Aquatherm Suit"). The *Aquatherm Suit* (via its various claims, crossclaims, counterclaims, third-party claims, and amendments) alleges MMFS negligently designed, installed, maintained, and operated the domestic plumbing system for the Via6 apartment complex. MMFS is also alleged to have committed professional errors and omissions and to have failed to adhere to industry standards. These allegations are plead as common law negligence and professional negligence.

15. The *Aquatherm Suit* remains pending in King County Superior Court. It is scheduled for trial in January 2020.

16. In October 2017, MMFS notified Liberty of the *Aquatherm Suit* and sought coverage under the Liberty Policy.

17. On October 2017, MMFS notified Berkley of the *Aquatherm Suit* and sought coverage under the Berkley Policy.

18. Liberty agreed to defend MMFS subject to a reservation of rights.

19. Berkley denied its duty to defend, despite recognizing MMFS faced claims of professional negligence and that the Berkley Policy "would respond to any damages relating to the insured's negligence." Berkley stated that the Berkley Policy's "Other Insurance" clause excused it from defending because Liberty was defending. Berkley adopted this rationale despite

the fact the coverage provided by the Liberty Policy and the Berkley Policy are not co-extensive and do not insure the same risks—e.g., the Berkley Policy covers professional negligence while the Liberty Policy does not.

20. Following demands for defense, Berkley hired its own engineering consultant, who purportedly opined that MMFS's "professional services were not negligently performed and were not the cause of the Plaintiff's alleged damages, which were due to the Aquatherm product failure." Berkley apparently believes its duty to defend is governed by the merits—rather than the contents—of the allegations against MMFS, and that it is entitled to consider information outside of the Berkley Policy and the underlying Complaint in order to justify its refusal to defend.

**D.     Berkley Surreptitiously Files Suit Against MMFS**

21. The *Aquatherm Suit* was mediated on two occasions. It was mediated for a third time on August 15 and 16, 2019. In advance of the third mediation, and after almost two years of litigation against MMFS, Berkley advised MMFS it would offer a defense of the *Aquatherm Suit* on a "going forward" basis.

22. On August 23, 2019, after the third mediation failed, Berkley sent a "supplemental reservation of rights letter" to MMFS. In that letter, Berkley "reserve[d] the right to pursue legal action to determine our duty to defend or indemnify MMFS." Unbeknownst to MMFS, however, Berkley had already instituted legal action. Specifically, on August 14, 2019, one day before mediation, the same day Berkley advised MMFS it would offer a defense and one week before issuing its supplemental reservation of rights letter, Berkley filed a declaratory judgment action against MMFS in the United States District Court for the Southern District of

COMPLAINT FOR RELIEF AND DAMAGES - 6

GORDON TILDEN THOMAS CORDELL | 600 University Street Suite 2915 Seattle, WA 98101 206.467.6477

New York.  Neither Berkley's adjuster nor its attorney, both of whom participated in the Mediation, advised MMFS of the lawsuit before, during, or after the mediation.

23.     MMFS learned of Berkley's New York lawsuit on August 26, 2019, when Berkley's New York counsel emailed MMFS's counsel a "courtesy copy" of the New York summons and complaint he was sending directly to MMFS.

**V.    FIRST CLAIM:  DECLARATORY JUDGMENT (DEFENDANT LIBERTY)**

24.     **Incorporation by Reference.**  The allegations of paragraphs 1 through 23 are incorporated by reference, as if fully set forth herein.

25.     **Coverage Under the Policy.**  A real and justiciable controversy exists over the coverage provided by the Liberty Policy.  The controversy between MMFS and Liberty exists as to:  (1) whether coverage exists for the *Aquatherm Suit*; and (2) whether any Liberty Policy exclusions or conditions limit or preclude coverage.

26.     **Declaratory Relief.**  MMFS is entitled to a declaration by this Court that coverage exists under the terms of the Liberty Policy and that Liberty is obligated to defend and indemnify MMFS in connection with the *Aquatherm Suit* in accordance with the provisions of the Liberty Policy.

**VI.   SECOND CLAIM:  DECLARATORY JUDGMENT (DEFENDANT BERKLEY)**

27.     **Incorporation by Reference.**  The allegations of paragraphs 1 through 26 are incorporated by reference, as if fully set forth herein.

28.     **Coverage Under the Policy, Choice of Law, and Choice of Forum.**  A real and justiciable controversy exists over the coverage provided by the Berkley Policy, satisfaction of the Berkley Policy's self-insured retention, and the validity of the Berkley Policy's New York "Jurisdiction and Venue" and "Choice of Law" clauses.  The controversy between MMFS and

Berkley exists as to whether: (1) coverage exists for the *Aquatherm Suit*; (2) any Berkley Policy exclusions or conditions limit or preclude coverage; (3) the self-insured retention has been satisfied; and (4) whether the New York "Jurisdiction and Venue" and "Choice of Law" clauses are void *ab initio*.

29. **Declaratory Relief.** MMFS is entitled to a declaration by this Court that coverage exists under the terms of the Berkley Policy, that Berkley is obligated to defend and indemnify MMFS in connection with the *Aquatherm Suit* in accordance with the provisions of the Berkley Policy, that the self-insured retention has been satisfied, and that the New York "Jurisdiction and Venue" and "Choice of Law" clauses are not—and never were—part of the Berkley Policy.

## VII. THIRD CLAIM: BREACH OF CONTRACT (DEFENDANT BERKLEY)

30. **Incorporation by Reference.** The allegations of paragraphs 1 through 29 are incorporated by reference, as if fully set forth herein.

31. **Breach of Contract.** Berkley breached the Berkley Policy by wrongfully failing and refusing to defend MMFS in the *Aquatherm Suit*.

32. **Damages.** As a direct and proximate result of Berkley's breach of the Berkley Policy, MMFS has been deprived of the benefits of its insurance coverage. MMFS is entitled to a money judgment against Berkley stemming from Berkley's failure to defend, and is entitled to coverage by estoppel.

33. **Additional Damages.** As another direct and proximate result of Berkley's breach of the Berkley's Policy, MMFS has been forced to incur attorney fees and other expenses in order to prosecute this action and is entitled to reimbursement of these fees and expenses in

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

accordance with the principles announced in *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 11 P.2d 673 (1991), and its progeny.

## VIII.   FOURTH CLAIM: NEGLIGENCE (DEFENDANT BERKLEY)

34.   **Incorporation by Reference**.  The allegations of paragraphs 1 through 33 are incorporated by reference, as if fully set forth herein.

35.   **Negligence**.  Berkley owed a duty of care with respect to its investigation and handling of MMFS's claim for insurance coverage.

36.   **Berkley Breached Its Duty**.  Berkley breached its duty by failing to perform a reasonable investigation, and instead hiring its own consultant and using that consultant's "assessment" as an illegal pretext to avoid assuming its defense obligations.  Berkley's conduct was also in violation of industry standards in the state of Washington for the handling of insurance claims.

37.   **Damages**.  As a direct and proximate result of Berkley's breach, MMFS has suffered damages in an amount to be proven at trial.

## IX.   FIFTH CLAIM: INSURANCE BAD FAITH AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING (DEFENDANT BERKLEY)

38.   **Incorporation by Reference**.  The allegations of paragraphs 1 through 37 are incorporated by reference, as if fully set forth herein.

39.   **Duty of Good Faith and Fair Dealing**.  Berkley owes MMFS a duty of good faith and fair dealing.  Pursuant to that duty, Berkley is obliged to refrain from taking any action that is unreasonable or unfounded.  Berkley is likewise required to deal fairly with MMFS and give equal consideration to (and not put its own interests ahead of) MMFS's financial interests.

40. **Berkley Acted in Bad Faith**.  Berkley breached its duty of good faith and fair dealing by unreasonably conducting its claim investigation, denying its duty to defend, trying to justify its refusal to defend by pointing to the fact another insurer was defending, hiding behind its consultant's opinions, raising coverage defenses without supporting evidence, placing its financial interests ahead of MMFS's, filing an unannounced and anticipatory suit in New York on the eve of mediation, seeking to litigate facts at issue in the *Aquatherm Suit* in the New York declaratory judgment action, misrepresenting facts relating to coverage under the Berkley Policy, misrepresenting facts relating to claims made in the *Aquatherm Suit*, making unreasonable inferences from disputed facts, failing to abide by the Washington Administrative Code, WAC 284-30-330 *et seq.*, and not attempting in good faith to effectuate prompt, fair, and equitable settlements of the claims against MMFS (including the requirement that if two or more insurers share liability, they must arrange to make appropriate payment, leaving to themselves the burden of apportioning liability).

41. **Damages**.  As a direct and proximate result of Berkley's breach of the covenant of good faith and fair dealing, MMFS has suffered damages in an amount to be proven at trial.

### X.   SIXTH CLAIM:  VIOLATION OF THE WASHINGTON UNFAIR CLAIMS SETTLEMENT PRACTICES ACT (WAC 284-30, *et seq.*) AND THE WASHINGTON CONSUMER PROTECTION ACT (RCW 19.86) (DEFENDANT BERKLEY)

42. **Incorporation by Reference.**  The allegations of paragraphs 1 through 41 are incorporated by reference, as if fully set forth herein.

43. **Violation of WAC 284-30,** *et seq.*  Washington has adopted the Unfair Claims Settlement Practices Act under Chapter 284-30, *et seq.* of the WAC.  Berkley violated the Unfair

Claims Settlement Practices Act, including separate provisions of WAC 284-30-330, 340, and 380.

44. **Damages.** The violation of one provision of the Unfair Claims Settlement Practices Act is a per se violation of the WCPA, entitling MMFS to the exemplary damages, attorney fees, and costs. Berkley also committed non per se violations of the WCPA.

45. **Reservation of Rights.** MMFS reserves its right to amend its complaint to assert that Berkley's actions set forth above also constitute violations of Washington's Insurance Fair Conduct Act, RCW 48.30.015.

## XI.   JURY DEMAND

46. Pursuant to Fed. R. Civ. P. 38, MMFS requests a jury on all issues so triable.

## XII.   PRAYER FOR RELIEF

WHEREFORE, MMFS prays for the following relief:

**A.     Declaratory Judgment.** That this court declare and decree that defense and indemnity coverage exists for MMFS under the terms of the Berkley Policy and the Liberty Policy, and that Berkley Policy's New York "Jurisdiction and Venue" and "Choice of Law" clauses are void *ab initio*.

**B.     Breach of Contract.** That this court declare and decree Berkley breached the Berkley Policy.

**C.     Negligence.** That this court declare and decree Berkley acted negligently.

**D.     Extra Contractual Violations.** That this court declare and decree Berkley breached the covenant of good faith and fair dealing, violated the Washington Administrative Code 284-30, *et seq.* and the Unfair Claims Settlement Practices Act, and violated the WCPA.

E. **Money Damages.** That MMFS be awarded money damages in its favor and against Berkley, and any and all other damages and reimbursements to which MMFS is entitled under the provisions of the Berkley Policy or at common law, or by statute, together with pre-judgment and post-judgment interest.

F. **Attorneys' Fees and Costs of Suit.** That MMFS be awarded its reasonable attorneys' fees and costs, including, without limitation, actual attorneys' fees pursuant to *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991).

G. **Other Relief.** For such further relief as the Court deems just, proper, and equitable.

DATED this 3rd day of September, 2019.

**GORDON TILDEN THOMAS & CORDELL LLP**
Attorneys for Plaintiff MacDonald Miller Facility Solutions, Inc.

By  s/ *Dale L. Kingman*
Dale L. Kingman, WSBA #07060

By  s/ *Greg D. Pendleton*
Greg D. Pendleton, WSBA #38361

600 University Street, Suite 2915
Seattle, Washington 98101
206.467.6477
dkingman@gordontilden.com
gpendleton@gordontilden.com

COMPLAINT FOR RELIEF AND DAMAGES - 12

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477